IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 2, 2009

## CARLOS COOPER v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Madison County**
**No. C-08-213     Roy B. Morgan, Jr., Judge**

---

**No. W2008-02088-CCA-R3-PC  - Filed December 28, 2009**

---

The Petitioner, Carlos Cooper, appeals the Madison County Circuit Court's denial of his petition for post-conviction relief. He originally pled guilty to attempt to obtain a controlled substance by fraud and two counts of possession of cocaine, a Schedule II narcotic, with intent to sell or deliver 0.5 grams or greater. He received a four-year sentence for the attempt offense and eight-year sentences for his convictions for possession of cocaine with intent to sell or deliver, all to be served concurrently, for an effective sentence of eight years. The petitioner was originally ordered to serve the eight year sentence on Community Corrections. On appeal, the Petitioner contends that he did not enter a knowing and voluntary guilty plea because he received ineffective assistance of counsel. Upon review of the record, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

Joseph T. Howell, Jackson, Tennessee, for the Petitioner-Appellant, Carlos Cooper.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; James (Jerry) G. Woodall, District Attorney General; and Alfred (Al) L. Earls, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

      **Guilty Plea Colloquy**. On January 8, 2008, the petitioner entered a guilty plea to attempt to obtain a controlled substance by fraud and two counts of possession of cocaine, a Schedule II narcotic, with intent to sell or deliver 0.5 grams or greater. Prior to accepting the petitioner's guilty plea, the trial court stated:

> . . . during the course of these proceedings today, you have the right to interrupt me if there's something you do not understand. So you can ask your attorney or the State or the Court to explain what's taking place. It is important you understand everything, and that's why you have the right to interrupt.

The trial court then informed the petitioner of the potential fines and penalties for the charged offenses. The trial court also advised the petitioner that he had the right to plead not guilty, the right to a speedy trial, the right to confront witnesses, the right not to testify, the right to the assistance of counsel at every critical stage of his case including his trial, and the right to have counsel appointed if he could not afford to hire one. The trial court further advised the petitioner "that by entering your plea of guilty this morning, you are in fact giving up your valuable rights which includes the right to a jury trial and the right to an appeal." The petitioner stated that he understood all of his rights and acknowledged that by pleading guilty he was admitting to the charged offenses.

The trial court also asked, "Other than the plea agreement that you're asking me to approve today, other than that agreement, has there been any force or pressure applied, any threats made or promised made to get you to enter your plea of guilty today?" The petitioner replied, "No." The trial court questioned whether the petitioner was satisfied with his attorney's representation, and the petitioner replied, "Yes." Following the stipulation of facts supporting the plea agreement, the trial court stated,

> Now there's been a plea form signed by you and your attorney and the State indicating a negotiated plea. You are today admitting guilt to attempt to obtain a controlled substance by fraud. That's Count 1 you're admitting. You're receiving a 4-year sentence with a 30 percent release eligibility and a $2,000 fine. You're admitting guilt to Counts 2 and 3, possession of cocaine with intent to sell and/or deliver .5 grams or greater. They merge for one conviction. One 8-year sentence is a result of the merger. 30 percent release eligibility and $2,000 fine. Your release eligibility is when you are first eligible for release if serving sentence but it is not an automatic release time. Your counts are concurrent with each other, so your total effective sentence today, Mr. Cooper, is an 8-year sentence as a Range I offender, 30 percent release eligibility. You understand so far what I've explained?

The petitioner said he understood the terms of his agreement. The trial court stated that the petitioner was to "remain out on time served, [and] be placed immediately on Community Corrections." When the trial court was explaining the terms and conditions of Community Correction, including that the petitioner perform 40 hours of community service work, the trial court asked the petitioner if he could pass a drug test. The petitioner advised the court that he could not pass a drug test, but that he had only used marijuana. The trial court ordered that the petitioner be immediately tested for marijuana stating, "I want to see if it's just marijuana or if he lied to me. I'll help him if he didn't lie to me." The petitioner tested positive for marijuana only. The State and the defense requested the trial court to approve the plea agreement. Defense counsel concluded by stating, "if [the petitioner] doesn't stay drug free, the State's going to ask that he be revoked to serve." The following exchange then occurred between the trial court and the petitioner:

> THE COURT: Mr. Cooper, that's the important part, and this is what worries me. It concerns me. You got to stay away from marijuana or any other illegal drugs. You understand that.

THE DEFENDANT: Yes, sir.

THE COURT: If you don't, they're going to violate you, and you're going to be right back in here. You're probably going to be in handcuffs and a jumpsuit. I don't want that. You don't want that, do you?

THE DEFENDANT: No, sir.

THE COURT: And that's why it's important. That's why we take the time today to talk about it, to make sure that you understand how important it is that you stay drug free. Okay?

THE DEFENDANT: Yes, sir.

The trial court continued and stressed the importance of the petitioner remaining drug-free. The trial court further discussed ways in which the petitioner could alleviate his stress other than drug use. The trial court detailed that, as part of the petitioner's plea agreement, he would be assessed by and required to follow a drug-treatment facility plan. Finally, the trial court stated, "Now, is what I've explained to you, Mr. Cooper, your understanding of your total plea agreement?" And the petitioner replied, "Yes, sir." The petitioner stated that he did not have any questions regarding the plea agreement and wanted the trial court to approve it. The trial court then stated:

> The Court finds under the circumstances that Mr. Carlos Cooper's decision to enter his plea today has been freely, voluntarily and intelligently made, and he's had the advice of counsel with whom he's indicated he's satisfied. There's a factual basis upon which we can accept his plea to each of the counts. The Court does accept the negotiated plea as stated, and I do make it part of the order of this Court.

> **Post-Conviction Hearing**. The petitioner testified that prior to the plea hearing, he never had a face-to-face meeting with his trial counsel ("counsel"). He stated that he was not incarcerated during this time. He further explained that he "asked [counsel] when did I need to come to Jackson so I could meet with her, and she told me that was not necessary, that we could take care of everything over the phone." The petitioner said he was not provided with any documents about his case, and that counsel never offered to mail these documents to him. As to the plea agreement, the petitioner stated:

> The only thing me and [counsel] discussed was that the DA wanted to give me 8 years and wasn't nothing [counsel] could do about it, that's what [the DA] was offering, and I was either gonna take the 8 years or I could go to trial. If I go to trial I was gonna get 12 to 20.

The petitioner stated that he understood that he was charged with a felony offense. However, he explained that counsel never discussed the facts of his case or whether any possible defenses were available. The petitioner testified that counsel "told me I had to answer yes to [the trial court's]

-3-

questions; if not, then the Judge was not gonna accept the guilty plea." The petitioner stated that he was afraid to go to trial because he presumed that counsel would be his attorney. He felt compelled to enter the plea agreement because counsel said he would be jailed for between twelve and twenty years if he went to trial. The petitioner acknowledged that he was not incarcerated pursuant to his original sentence because he was placed on Community Corrections. The petitioner's remaining direct testimony concerned his violation of Community Corrections, which is not relevant to the instant appeal.

On cross-examination, the petitioner did not deny committing forgery or possessing cocaine. He admitted that he was arrested in a pharmacy with cocaine in his front pocket. He also admitted to possessing the forged prescription and $350 in cash. The petitioner claimed, that the cocaine was for personal use, which he did not intend to sell or deliver.

Counsel testified that "the entire time I worked with [the petitioner], his goal was . . . to work out a plea agreement where he could get probation." Counsel further explained,

> Mr. Cooper wanted probation. He wanted to be able to get a probationary sentence. That was the most important thing to him. And he felt it was unfair. He had mentioned to me that the cocaine was for personal use, and I told him that, you know, there's a certain amount by law where it's presumed to be for resale, and that the only way we could prove it would be for personal use would be through trial, and that I could not force the District Attorney to offer him possession, a reduced charge, as part of a plea agreement.

Counsel testified that she did not meet with the petitioner in person because he lacked transportation. She could not recall whether any information about the case was sent to the petitioner. She believed that the petitioner was satisfied with the plea agreement until his Community Corrections sentence was revoked.

In a written order, the post-conviction court denied the petitioner relief concluding the petitioner had failed to show that his lawyer's performance was deficient or that the deficient performance prejudiced his defense.

## ANALYSIS

**Standard of Review**. Post-conviction relief is only warranted when a petitioner establishes that his or her conviction is void or voidable because of an abridgement of a constitutional right. T.C.A. § 40-30-103 (2006). Our supreme court has held:

> A post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. When reviewing factual issues, the appellate court will not re-weigh or re-evaluate the evidence; moreover, factual questions involving the credibility of witnesses or the weight of their testimony are matters for the trial court to resolve. The appellate court's review of a legal issue, or of a mixed question

-4-

of law or fact such as a claim of ineffective assistance of counsel, is <u>de novo</u> with no presumption of correctness.

<u>Vaughn v. State</u>, 202 S.W.3d 106, 115 (Tenn. 2006) (internal quotations and citations omitted). The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. <u>Id.</u>, <u>see also</u> T.C.A. § 40-30-110(f) (2006). Evidence is clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from it. <u>Vaughn</u> 202 S.W.3d at 116 (citing <u>Hicks v. State</u>, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998)).

     <u>Vaughn</u> further repeated well-settled principles applicable to claims of ineffective assistance of counsel:

> [T]he right of a person accused of a crime to representation by counsel is guaranteed by both the Sixth Amendment to the United States Constitution and article I, section 9, of the Tennessee Constitution. Both the United States Supreme Court and this Court have recognized that this right to representation encompasses the right to 'reasonably effective' assistance, that is, within the range of competence demanded of attorneys in criminal cases.

<u>Vaughn</u>, 202 S.W.3d at 116 (internal citation and quotation omitted).

     In order to prevail on an ineffective assistance of counsel claim, the petitioner must establish that (1) his lawyer's performance was deficient and (2) the deficient performance prejudiced the defense. <u>Id.</u> (citing <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 104 S. Ct. 2052 (1984) and <u>Baxter v. Rose</u>, 523 S.W.2d 930, 936 (Tenn. 1975)). "[A] failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim[, and] a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." <u>Goad v. State</u>, 938 S.W.2d 363, 370 (Tenn. 1996).

     A petitioner successfully demonstrates deficient performance when the clear and convincing evidence proves that his attorney's conduct fell below an objective standard of "reasonableness under prevailing professional norms." <u>Id.</u> (quoting <u>Strickland</u>, 466 U.S. at 688). Prejudice arising therefrom is demonstrated once the petitioner establishes "a reasonable probability that but for counsel's errors the result of the proceeding would have been different." <u>Id.</u> "A 'reasonable probability is a probability sufficient to undermine confidence in the outcome.'" <u>Id.</u> (quoting <u>Strickland</u>, 466 U.S. at 694, 104 S. Ct. at 2068).

     When analyzing the validity of a guilty plea, we follow the federal landmark case of <u>Boykin v. Alabama</u>, 395 U.S. 238, 89 S. Ct. 1709 (1969), and the Tennessee landmark case of <u>State v. Mackey</u>, 553 S.W.2d 337 (Tenn. 1977), <u>superseded on other grounds by rule as stated in</u> <u>State v. Wilson</u>, 31 S.W.3d 189, 193 (Tenn. 2000). <u>State v. Pettus</u>, 986 S.W.2d 540, 542 (Tenn. 1999). In <u>Boykin</u>, the United States Supreme Court held that a trial court may not accept a guilty plea unless there is an affirmative showing that the guilty plea was "intelligent and voluntary." 395 U.S. at 242,

89 S. Ct. at 1711. When accepting a guilty plea, the trial court is responsible for "canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence." Id. at 244, 89 S. Ct. at 1712. In Mackey, the Tennessee Supreme Court held that "the record of acceptance of a defendant's plea of guilty must affirmatively demonstrate that his decision was both voluntary and knowledgeable, i.e., that he has been made aware of the significant consequences of such a plea; otherwise, it will not amount to an 'intentional abandonment of a known right.'" 553 S.W.2d at 340.

The Tennessee Supreme Court has emphasized that a plea is not voluntary if it is the result of "'[i]gnorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats . . . .'" Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993) (quoting Boykin, 395 U.S. at 242-43, 89 S. Ct. at 1712). A trial court must look at a number of circumstantial factors before determining whether a guilty plea is voluntary and intelligent. Id. These factors include "the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial." Id. (citing Caudill v. Jago, 747 F.2d 1046, 1052 (6th Cir. 1984)).

**I.  Failure to Enter Knowing and Intelligent Guilty Pleas.**  In the petitioner's brief, he asserts that "he did not make a knowing and voluntary waiver of his rights" due to counsel's failure to "investigate his case, confer with him prior to his guilty plea, and develop a theory for his defense." He claims that "[t]rial counsel simply told the Petitioner to take the eight (8) years or face a sentence between twelve (12) or twenty (20) years. This was the extent of counsel's representation of the Petitioner." In response, the State argues that this court should affirm the denial of post-conviction relief because the petitioner failed to prove his allegations of ineffective assistance of counsel by clear and convincing evidence. Upon review of the record and applicable case law, we agree with the State.

Here, the record shows the petitioner entered a knowing and voluntary guilty plea. The post-conviction court found that the petitioner pled guilty "freely and voluntarily without being threatened or pressured." The post-conviction court entered a detailed order denying relief which stated:

It is clear from the testimony and transcript of the guilty plea that the petitioner was clearly advised of all of his constitutional rights and the Court [took] every precaution to insure that the petitioner had gone over the guilty plea with his attorney and that the petitioner clearly understood every detail of the plea and the consequences of pleading guilty. The Court clearly asked the petitioner on numerous times if he understood and he indicated each time that he understood. The Court asked if he [was] satisfied with his attorney and he responded that he was satisfied. He was asked if he were being pressured or coerced and he assured the Court under oath that he was not being coerced into pleading guilty. The evidence is very clear that the defendant [made] a choice and he made that choice freely and voluntarily without being threatened or pressured. The petitioner wanted a suspended sentence and he did receive a suspended sentence and he

was satisfied with that sentence until it was later revoked but that in no way invalidated his previous decision to freely and voluntarily plead guilty.

The petitioner has not presented clear and convincing evidence against these findings. Additionally, the transcript from the plea hearing shows that the trial court advised the petitioner of his constitutional rights and the specific sentences offered by the State in the plea agreement. The petitioner testified that he understood the charges against him and wished to plead guilty. The petitioner also said he was under no force or pressure to enter the plea agreement, and that he was satisfied with his attorney's representation. The trial court spent a significant amount of time explaining the plea agreement and the terms and conditions of Community Corrections to the petitioner. The exchange between the trial court and the petitioner clearly shows a knowing and voluntary waiver of the petitioner's rights. Accordingly, the petitioner is not entitled to relief on this issue.

II. **Ineffective Assistance of Counsel**. In so much as the petitioner claims that he received the ineffective assistance of counsel, he has failed to show that counsel's performance was deficient or that he was prejudiced by counsel's performance. At the post conviction hearing, counsel testified that she and the petitioner discussed the facts of the case. She explained that the petitioner's main concern was to obtain sentence of probation. The petitioner admitted to committing the offenses to counsel, during the guilty plea hearing, and at the post-conviction hearing. He does not assert that absent the alleged errors by counsel, he would have proceeded to trial, and not pled guilty. See Hill, 474 U.S. at 59, 106 S. Ct. at 370; see also Serrano, 133 S.W.3d at 605. In fact, according to counsel, the petitioner remained intent upon entering a plea agreement throughout the proceedings. The evidence does not preponderate against the findings of the post-conviction court, and therefore this court is bound by those findings. We conclude that the petitioner failed to prove by clear and convincing evidence that counsel provided ineffective assistance or that his guilty pleas were involuntary. Accordingly, the petitioner is not entitled to relief.

## CONCLUSION

Upon review, we affirm the judgment of the post-conviction court.

_____
CAMILLE R. McMULLEN, JUDGE